USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/30/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

E. MISHAN & SONS, INC.,

        **Plaintiff,**

    -against-

NOVEL BRANDS LLC,

        **Defendant.**

-----------------------------------------------------------------X

18-CV-02932 (VSB)(SN)

**OPINION AND ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

  Due to the actions of Defendant Novel Brands LLC and its putative attorney, Emil E. Braca, the proceedings in this case have unreasonably and vexatiously multiplied. Defendant Novel Brands LLC and Mr. Braca are afforded one more chance to defend themselves, engage with this case in good faith, and to show cause as to why they should not be sanctioned for repeated refusal to abide by court orders.

## BACKGROUND

  On April 3, 2018, Plaintiff E. Mishan & Sons, Inc. filed its complaint alleging that Defendant sold cookware falsely labeled as "copper-infused" and "as advertised on TV," and that these actions constituted false advertising, unfair competition, false designation of origin, false description of fact, and misrepresentation of fact under 15 U.S.C. § 1125(a)(1)(A), (B). See Compl. ¶¶ 56-81 (ECF No. 1).

  Plaintiff served the complaint on Defendant on April 17, 2018, see ECF No. 10, but Defendant never responded, and the Clerk of Court issued a certificate of default on June 29, 2018, see ECF No. 13. Plaintiff then moved for default judgment on August 3, 2018, and the

Court ordered Defendant to appear at a hearing on August 29, 2018, to show cause as to why the Court should not enter the default judgment. See ECF No. 19.

On that day, Emil E. Braca appeared in Court on behalf of Defendant, and the parties reported that they had agreed to a consent judgment that would enjoin Defendant from further violations, require Defendant to pay $15,000 in attorneys' fees, and allow Plaintiff to conduct post-judgment discovery into damages. See ECF No. 21. The Honorable Vernon S. Broderick then referred the inquest into damages to me. See ECF No. 22.

Plaintiff promptly served document requests on September 10 and a notice of deposition on September 12, 2018, see ECF No. 28 at 1, but Defendant did not respond and Plaintiff had to request additional time to complete discovery and move for damages, see ECF No. 24. The Court granted the request for additional time to conduct discovery, and Mr. Braca finally responded to Plaintiff's requests on September 27 to propose a deposition date in October. See ECF No. 28 at 1. On October 1, 2018, Mr. Braca signed a "Compliance with Judgment," which bore the case caption, and affirmed that $5,000 of the attorneys' fees had been paid, and promising two additional payments of $5,000 the weeks of October 1 and October 15, 2018. See ECF No. 32-1.

Plaintiff followed up in vain with Mr. Braca—several times over two weeks—asking for responsive documents so that depositions could proceed. See id. But, contrary to earlier indications, no one heard from Mr. Braca or Defendant again until November 7, and Defendant missed the first of the promised $5,000 payments. See ECF No. 26. Over the next few weeks, Plaintiff had to file two letters requesting an order that the Defendant pay in full and comply with discovery requests. See ECF Nos. 26, 28. In response, Judge Broderick ordered Defendant to pay the fees in full by October 26, see ECF No. 27, and I scheduled a telephone conference for November 7 to discuss all outstanding issues, see ECF No. 34. Before the hearing was held,

Plaintiff also reported that Defendant had missed the October 26 deadline and moved to hold Defendant in contempt. See ECF No. 31.

At this point, Mr. Braca decided to reengage with the case. He appeared at the telephone conference before me, agreed to a proposed schedule for payments and for discovery, and he agreed that an attorney would enter an appearance in the case on behalf of Defendant. The Court accordingly ordered Defendant to: (1) make two catch-up payments of $5,000 by November 16 and November 23, respectively; (2) provide dates of availability for the noticed depositions by November 16; and (3) produce documents responsive to all of Plaintiff's outstanding requests by November 16. See ECF No. 34. The Court also ordered Defense counsel to enter an appearance no later than November 9, see id., and denied the motion for contempt without prejudice, see ECF No. 33.

No attorney entered an appearance on November 9, 2018, and on November 19, Plaintiff reported that Defendant had not complied with any of the Court's orders or otherwise communicated with Plaintiff. See ECF No. 35. The Court then ordered Defense counsel, for a second time, to enter an appearance by November 21, and the Court scheduled a conference for November 26 so that Defendant could show cause why sanctions should not be entered against Defendant and its counsel. See ECF No. 36. The Court also ordered Plaintiff to serve this order on Defense counsel, which Plaintiff did via mail and email. See ECF No. 37.

No one entered an appearance on behalf of Defendant, and no one appeared for Defendant at the hearing. Plaintiff's counsel were present. They reported that Defendant had still not complied with any of the Court's orders.

The Court has since learned through publicly available databases that Mr. Braca is not admitted to practice in the Southern District of New York, and is not currently an attorney in

good standing in the State of New York.[1] It appears that he remains an attorney in good standing in New Jersey.

## DISCUSSION

Defendant, through Mr. Braca, consented to the entry of judgment and committed to engage in damages discovery and pay $15,000 to Plaintiff for its attorney's fees. Yet since this apparent period of cooperation and compliance, the Defendant and its attorney have continuously failed to comply with court orders. Defendant has ignored two orders to pay $10,000 in fees (see ECF Nos. 27, 34), one order to comply with outstanding discovery demands (see ECF No. 36), and one order to show cause (see ECF No. 36). For his part, Mr. Braca has personally disregarded two orders to enter an appearance (see ECF Nos. 34, 36) and failed to appear at the show cause hearing (see ECF No. 36). Because Mr. Braca continues to appear at the last second before disappearing, he and Defendant have managed to delay the entry of any sanctions or a final judgment. Moreover, it appears that Mr. Braca is engaging in the unauthorized practice of law in the Southern District of New York by appearing before Judge Broderick and myself and by executing formal court documents.

All of this conduct is likely sanctionable. See Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 2132 (1991) ("[I]t is firmly established that 'the power to punish for contempt[] is inherent in all courts.' . . . . [and that] [t]his power reaches both conduct before the court and that beyond the court's confines."); Cruceta v. City of N.Y., 2012 U.S. Dist. LEXIS 97740, at *5-6 (E.D.N.Y. Feb. 7, 2012) ("By signing those pleadings, Daniel Favors undertook responsibility for ensuring that both the Complaint and its amendment met the requirements

---

[1] Mr. Braca's registration status is a matter of public record available here: https://iapps.courts.state.ny.us/attorney/AttorneySearch

of Federal Rule of Civil Procedure 11, and risked personal sanctions if either did not."); Ag v. Sun, 1991 U.S. Dist. LEXIS 3098, at *6-7 (S.D.N.Y. Mar. 15, 1991) ("Fed. R. Civ. P. 37(b)(2)(E) makes it explicit that a sanction may be imposed on 'the attorney advising [the offending] party,' and is not limited to an attorney who has entered an appearance in the case.").

Nevertheless, this conduct has so thoroughly muddied the procedural waters that the Court must give Defendant one more chance in order to effect justice. The problem here is that Mr. Braca may have succeeded in rendering the Consent Judgment unenforceable through his duplicitous conduct. If Mr. Braca did indeed appear on Defendant's behalf without license to practice in this district, Defendant effectively appeared *pro se*. But, corporations may not proceed *pro se* in federal court, and for that reason courts have refused to enter or enforce judgments entered by consent against *pro se* corporations. See, e.g., N.Y. State Teamsters Conference Pension & Ret. Fund v. Comac Builders Supply Corp., 2008 U.S. Dist. LEXIS 2588, at *17 (N.D.N.Y. Jan. 14, 2008) (refusing to enter consent judgment because corporation could not proceed *pro se*); see also Glock, Inc. v. Maxsell Corp., 2013 U.S. Dist. LEXIS 193472, at *16-17 (N.D. Ga. Apr. 18, 2013) (collecting cases). Thus, it is now necessary to clarify whether Defendant is in fact *pro se* and proceeding by default or if Defendant has counsel capable of consenting to a valid judgment in this district.

## CONCLUSION

Accordingly, the Court ORDERS:

1. Plaintiff shall serve this Order both on Mr. Braca and Defendant and file proof of service no later than **December 4, 2018**. To the extent possible, Plaintiff shall effect service both via mail and email.

2. Defendant shall file a letter no later than **December 10, 2018**, explaining why it and Mr. Braca should not be sanctioned for disobeying two orders to enter an appearance in the case (see ECF Nos. 34, 36), two orders to pay $10,000 in fees (see ECF Nos. 27, 34), one order to comply with outstanding discovery demands (see ECF No. 36), and one previous order to show cause (see ECF No. 36). This letter shall also explain whether Mr. Braca has engaged in the unauthorized practice of law in the Southern District of New York and, if so, why he should not be reported to the disciplinary committee for doing so. The Court further ADJOURNS the deadline for Plaintiff to file or renew its motion for sanctions at this time.

3. Defendant shall obtain counsel—whether or not that counsel is Mr. Braca—and that counsel shall file a formal appearance in this case no later than **December 10, 2018**. This attorney must affirm under oath that he or she is admitted to the Southern District of New York or, in the alternative, he or she must file a *pro hac vice* motion.

If Defendant does not comply with all of these orders, the Court will find that Defendant has willfully defaulted and will order Plaintiff to file its motion for default judgment no later than **January 11, 2019**.

Regardless of Defendant's choice, the Court hereby GRANTS Plaintiff permission to conduct third party discovery if necessary to prove its claims for damages. Such discovery will be completed by **January 11, 2019**.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   November 30, 2018
         New York, New York