UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                    :

E. MISHAN & SONS, INC.,                  :

                     Plaintiff,     :        18-cv-2932 (VSB)

      - against -                   :        **OPINION & ORDER**

NOVEL BRANDS LLC,                  :

                   Defendant.   :

------------------------------------------------------------X

Appearances:

John Zaccaria, Brian Joseph Doyle, Alan Federbush
Notaro, Michalos & Zaccaria P.C.
Orangeburg, NY
*Counsel for Plaintiff*

Frank Martin Smith
Fms Lawyer Pl
Cooper City, FL
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       Plaintiff E. Mishan & Sons, Inc., d/b/a Emson, brings this action against Defendant Novel Brands LLC for false advertising, unfair competition, false designation of origin, false description of fact, and misrepresentation of fact under the Lanham Act, 15 U.S.C. § 1125(a)(1). (*See* Doc. 1.) On August 29, 2018, I entered a consent judgment holding Defendant liable under the Lanham Act for all three claims in the complaint, (Doc. 21), and referred the case to Magistrate Judge Sarah Netburn to determine the amount of damages to be awarded to Plaintiff, (Doc. 22). Before me is the February 13, 2020 Report and Recommendation of Magistrate Judge

Netburn, which recommends awarding $454,277.32 in damages to Plaintiff. (Doc. 60 ("R&R" or "Report").)

On March 6, 2020, Defendant timely filed written objections to the Report. (Doc. 63 ("Objections").) On March 30, 2020, Plaintiff filed a response to Defendant's objections. (Doc. 64 ("Response").) I have reviewed the Report, Defendant's Objections, and Plaintiff's Response. For the reasons stated herein, I overrule the objections and ADOPT the Report in its entirety.[1]

## I. Factual and Procedural History

Plaintiff is a consumer goods company that markets and sells, among other things, a line of non-stick cookware with a copper-colored coating called "Gotham Steel." (Doc. 1.) Plaintiff has spent over ten million dollars advertising Gotham Steel cookware on television, and Gotham Steel's retail packaging, label inserts, printed advertisements, and promotional materials prominently display an "As Seen On TV" logo. (*Id.*) Defendant sold competing cookware with a copper-colored coating (hereinafter, the "Accused Products"), which also included an "As Seen On TV" logo—even though Defendant had never in fact advertised its products on television. (*Id.*) Plaintiff alleged that Defendant had misled consumers into believing that Defendant's cookware was "the cookware that has been heavily advertised on television," and that as a result Defendant had "usurp[ed] the benefits of Plaintiff's extensive advertising campaign." (*Id.*)

Plaintiff served its complaint by personal service on Defendant's Chief Executive Officer

---

[1] On October 6, 2021, Plaintiff also submitted a motion requesting a conference pursuant to Fed. R. Civ. P. 16(a), on the grounds that I had not yet issued a decision on the R&R, and that Defendant's objections to the R&R did "not appear on the most recent Report Of Motions Pending Over Six Months table" (also known as the "Six-Month List"). (Doc. 65.) Objections to R&Rs are not "motions" for purposes of the Six-Month List. Regardless, I believe that this Opinion & Order moots the need for a status conference "to determine the disposition and remaining schedule of this action." Accordingly, the motion for a Rule 16(a) conference is DENIED as moot, and the Clerk of Court is respectfully directed to terminate the gavel pending at docket entry 65.

2

("CEO") and President on April 17, 2018.  (Doc. 10.)  Defendant never filed an answer to the complaint.  On June 29, 2018, the Clerk of Court issued a Certificate of Default against Defendant, (Doc. 13), and on August 6, 2018, I issued an order to show cause as to why default judgment should not be entered in favor of Plaintiff, (Doc. 19).  At the show cause hearing on August 29, 2018—which Defendant's counsel attended—I entered a consent judgment in place of a default judgment, holding Defendant liable for violating 15 U.S.C. § 1125 and enjoining the Defendant from further false advertising and unfair competition.  (Doc. 21.)  I also awarded Plaintiff $15,000 in attorney's fees and costs.  (*Id.*)  I referred the matter to Magistrate Judge Netburn for an inquest on the amount of damages.  (Doc. 22.)

## II.     Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  When a party submits a timely, specific objection, a district court reviews de novo the parts of the report and recommendation to which the party objected.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).  With regard to a report and recommendation that is not objected to, or the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation, or the unobjected-to portion thereof, for clear error.  *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  Further, when a party makes only conclusory or general objections, or simply reiterates the original arguments it made before the magistrate judge, the Court will review the Report strictly for clear error.  *See Pearson–Fraser v. Bell Atl.*, No. 01 Civ. 2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003).  "Even where exercising de novo review, a district court 'need not . . . specifically articulate its reasons for rejecting a

party's objections or for adopting a magistrate judge's report and recommendation in its entirety.'" *Bush v. Colvin*, 15 Civ. 2062 (LGS) (DF), 2017 WL 1493689, at *4 (S.D.N.Y. Apr. 26, 2017) (alteration in original) (quoting *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order)).

For violations under 15 U.S.C. § 1125(a), a plaintiff is entitled to recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." *Id.* § 1117(a). "In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." *Id.* The Court has discretion to "enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." *Id.*

### III.  Discussion

Based on a de novo review of the relevant factual record, the Report, Defendant's Objections, Plaintiff's Responses, and applicable legal authorities, the Report is adopted in its entirety. The portions of the Report as to which no objections were made are adopted because those portions are not clearly erroneous. Any of Defendant's Objections not specifically addressed in this decision have been considered de novo and rejected.

Defendant consented to a judgment that it had willfully violated the Lanham Act. (Doc. 21.)[2] Accordingly, following an inquest on damages, Magistrate Judge Netburn recommended that Plaintiff should be awarded (1) $387,409.08 in Defendant's profits; (2) $7,672.77 in costs; and (3) $59,195.47 in attorney's fees, for a total award of $454,277.32. (R&R 15.) Plaintiff

---

[2] To the extent that Defendant is now trying to argue that the Court did not hold Defendant liable for willful violations of the Lanham Act, or that the Consent Judgment does not provide Plaintiff relief under 15 U.S.C. § 1117, those arguments are not well taken. (Objections 4–7.) The time to make arguments about Defendant's liability would have been in an Answer, which Defendant never filed, or in response to the Court's order to show cause as to why default judgment should not be entered, at which point Defendant instead consented to the Court's judgment against it.

does not object to the Report's recommended award of costs and attorney's fees, but argues that Magistrate Judge Netburn erred in calculating Defendant's profits. (Objections 7–8.)

First, Defendant objects that Magistrate Judge Netburn erroneously credited evidence of Defendant's sales, while refusing to credit similar or identical evidence of all of Defendant's claimed costs. Specifically, Defendant argues that if the Court finds that "invoices, purchase orders, bills of lading, and packing slips" and the like are sufficient to prove Defendant's sales, then the Court must accept the same kind of evidence to prove each of Defendant's costs. (Objections 8–12.)

However, Defendant has misconstrued the Lanham Act's burden of proof. Under § 1117(a), the plaintiff only has the burden to prove a defendant's sales; the defendant has the burden to prove its own costs. 15 U.S.C. § 1117(a); *see also, e.g.*, *Fendi Adele, S.R.L. v. Ashley Reed Trading, Inc.*, 507 F. App'x 26, 32 (2d Cir. 2013) (citing *Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 7 (2d Cir. 1989)). In this case, Plaintiff easily carried its burden to prove Defendant's sales because Defendant's sales were undisputed; Defendant admitted that its gross revenue for the three Accused Products totaled $434,406.79. (Doc. 54 ("Pl.'s Br."), at 13 (citing Doc. 54-1 ("Def.'s Response to Pl.'s First Set of Requests for Admissions")).) Magistrate Judge Netburn did not need to consider invoices, purchase orders, bills of lading, or packing slips to adjudicate an undisputed fact.

Plaintiff did, however, dispute whether Defendant had provided sufficient proof of its claimed costs, which raised a question of fact as to whether Defendant had met its burden. Specifically, Plaintiff argued that Defendant should have provided proof of payment, for example, by providing "cancelled checks, check stubs, charge card statements or wire transfers." (Pl.'s Br. 14.) Defendant objects that Plaintiff did not adequately request these documents

5

during the discovery process. (Objections 9–10.) However, as Magistrate Judge Netburn correctly held, whether or not Plaintiff requested the documents is irrelevant because Defendant bears the burden of proof. 15 U.S.C. § 1117(a). In other words, it was Defendant's burden to prove its costs without regard to documents Plaintiff may or may not have requested during discovery.

Moreover, Magistrate Judge Netburn ultimately did consider all of Defendant's evidence—not just proof of payment as Plaintiff had advocated—and she correctly credited only those costs that Defendant's evidence sufficiently proved. (*See* R&R 9–12.) Specifically, Magistrate Judge Netburn correctly credited only the $1,750 in trademark approval costs and the $770 in artwork costs that could be identified in invoices as directly attributable to the Accused Products.[3] (R&R 9–10 (citing Docs. 57-5 & 57-7).) Likewise, it is fair to credit Defendant only half of the $13,472.31 cost of an infomercial for "Copper Wok and Knife," since the knife was not at issue, and it is not clear from the factual record how much of the $13,472.31 cost went towards marketing the knife. (R&R 10 (citing Doc. 57-5, at 9).) Similarly, I see no clear error in Magistrate Judge Netburn's findings that Defendant had proven its cost of commissions ($7,324.60), inbound and outbound freight costs ($11,288.52 and $6,536.59, respectively), and storage and processing fees ($12,590.85)—findings to which Defendant did not object. (R&R 9.)

Finally, Defendant objects, "[t]he Court also mistakenly stated that the only evidence

---

[3] Plaintiff notes, without objecting, that only $525 of the artwork costs appear to be directly attributable to the Accused Products, rather than $770 as Magistrate Judge Netburn recommended. (Response 10–11.) Based on a review of the invoices (Doc. 57-5, at 1–9), it appears Magistrate Judge Netburn credited the following costs in addition to the ones Plaintiff identified: (1) $105.00 for "Simply Cooper Wok package & retouching on 3/27 & 3/28"; (2) $70.00 for "Simply Copper Wok and round pan 3D images; and (3) $70.00 for "Royal Copper 3D image changes on 4/13." Since Plaintiff has not objected, I review Magistrate Judge Netburn's determination for clear error and find none.

6

Defendant produced was a spread sheet and three declarations signed by Defendant and two (2) third parties that Defendant purchased the goods from indicating the amounts and quantities of the Accused goods that were purchased . . . ignoring the hundreds of additional pages submitted in support of costs/expenses." (Objections 10.)  This is a misreading of the Report.  Rather than "ignoring" Defendant's backup materials as Defendant contends, Magistrate Judge Netburn carefully and thoroughly considered and scrutinized Defendant's documents, as evidenced by the findings, discussed *supra*, regarding the costs of trademark approval, artwork, infomercial shooting, commissions, inbound and outbound freight, storage and processing, etc.  (*See also, e.g.*, R&R 7–8 (summarizing the contents of the very documents that Defendant alleges Magistrate Judge Netburn ignored).)  While Magistrate Judge Netburn credited some other costs for which Defendant had provided proof, she found that Defendant failed to prove its cost of goods, since the only evidence Defendant cited for its cost of goods calculation was a summary spreadsheet and three declarations prepared for the litigation.  (R&R 11.)  Additionally, Defendant never addressed Plaintiff's allegation that Defendant had sold some of the Accused Products to a company owned by the Plaintiff's CEO's uncle, then repurchased those same products at a higher price, thus artificially inflating Defendant's cost of goods calculation.  (*See id.* at 11; Doc. 58 ("Pl.'s Reply"), at 4–6; Response 6–9.)  It is a "well-known and ancient doctrine" that "doubts about actual damages will be resolved against party who evades ascertainment of actual damages." *Louis Vuitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966, 973 (2d Cir. 1985) (citation omitted).  Magistrate Judge Netburn did not err by declining to credit Plaintiff's evidence of cost of goods.

### IV. <u>Conclusion</u>

For the reasons stated above, I hereby ADOPT Magistrate Judge Netburn's Report in its entirety.  Accordingly, Plaintiff is awarded (1) $387,409.08 in Defendant's profits; (2) $7,672.77 in costs; and (3) $59,195.47 in attorney's fees, for a total award of $454,277.32.  The motion for a Rule 16(a) conference is DENIED as moot.  The Clerk of Court is respectfully directed to (1) terminate any open motions, (2) enter judgment in accordance with this Order, (3) calculate the interest owed consistent with the rate set by 28 U.S.C. § 1961, and (4) close this case.

SO ORDERED.

Dated: February 10, 2022
      New York, New York

                                              Vernon S. Broderick
                                              United States District Judge