UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
:
E. MISHAN & SONS, INC., :
:
                     Plaintiff, :      18-cv-2932 (VSB)
:
   - against - :      **OPINION & ORDER**
:
:
NOVEL BRANDS LLC, :
:
                    Defendant. :
:
------------------------------------------------------------X

Appearances:

John Zaccaria
Brian Joseph Doyle
Alan Federbush
Notaro, Michalos & Zaccaria P.C.
Orangeburg, NY
*Counsel for Plaintiff*

Frank Martin Smith
FMS Lawyer PL
Plantation, FL

Kendall Johan Burr
McDowell Hetherington LLP
Houston, TX
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       Plaintiff E. Mishan & Sons, Inc., d/b/a Emson, ("Plaintiff") brings this action against Defendant Novel Brands LLC ("Defendant") for false advertising, unfair competition, false designation of origin, false description of fact, and misrepresentation of fact under the Lanham Act, 15 U.S.C. § 1125(a)(1).  Before me is Defendant's motion for a new trial under Federal

Rule of Civil Procedure 59(a)(2). (Doc. 66.) Because Defendant's motion is procedurally improper, and because Defendant has provided no legally cognizable basis for me to reconsider my Opinion & Order of February 10, 2022, Defendant's motion is DENIED.

I. **Background**

I presume familiarity with this action's factual background and procedural history, so I provide only a brief overview of what is necessary to address the instant motion. On April 4, 2018, Plaintiff filed this action against Defendant for violations of the Lanham Act. (Doc. 1, the ("Complaint").) On August 29, 2018, I entered a consent judgment holding Defendant liable under the Lanham Act for all three claims in the Complaint and referring the case to Magistrate Judge Sarah Netburn for an inquest on damages. (Doc. 21.) On February 24, 2020, Judge Netburn issued a Report and Recommendation, (Doc. 60 ("R&R" or "Report")), and on February 10, 2022, I adopted Judge Netburn's Report in its entirety, (Doc. 66 ("O&O" or "Opinion & Order")).

On March 11, 2022, Defendant filed a motion for a new trial, (Doc. 69), along with a memorandum of law in support, (Doc. 70 ("Def.'s Mem.")). On the same day, Defendant also filed a notice of appeal. (Doc. 71; *see also* Doc. 72 (corrected notice of appeal filed March 14, 2022).) That appeal has been stayed pending resolution of the instant motion. (Doc. 75.) On March 25, 2022, Plaintiff filed an opposition to Defendant's motion for a new trial. (Doc. 73 ("Pl.'s Opp.").) On April 1, 2022, Defendant filed a reply. (Doc. 74 ("Def.'s Reply").)

II. **Legal Standard**

A. *Motion for a New Trial*

Pursuant to Fed. R. Civ. P. 59(a)(2), "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings

of fact and conclusions of law or make new ones, and direct the entry of a new judgment." This relief may be granted for reasons such as "manifest error of law or mistake of fact." *Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir. 1995) (cleaned up). "[I]n certain circumstances newly discovered evidence constitutes a recognized ground for a new trial." *LiButti v. United States*, 178 F.3d 114, 119 (2d Cir. 1999).

### B.   *Motion for Reconsideration*

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (cleaned up). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Nor is a motion for reconsideration a time to "advance new facts, issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (cleaned up). The decision of whether to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (cleaned up).

### III.   Discussion

As a threshold matter, Fed. R. Civ. P. 59(a)(2) is the wrong vehicle for Defendant's

motion. Fed. R. Civ. P. 59(a)(2) provides that "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." In this matter, I entered a consent judgment as to Defendant's liability, and then referred the matter to Magistrate Judge Netburn for an inquest on damages. (Docs. 21–22). There has been no trial, jury or nonjury. "[T]he provisions of Rule 59(a) that allow for a new trial apply only in situations where there has been a prior trial." *Cioce v. Cty. of Westchester*, 128 F. App'x 181, 184 (2d Cir. 2005). "[E]very consent decree by definition involves waiver of the right to trial." *Sec. & Exch. Comm'n v. Musk*, No. 22-1291, 2023 WL 3451402, at *3 (2d Cir. May 15, 2023) (cleaned up).[1] Simply put, Defendant cannot have a new trial where Defendant never had a trial in the first place.[2] *See Kamdem-Ouaffo v. Balchem Corp.*, No. 17-CV-02810 (PMH), 2023 WL 2266536, at *1 (S.D.N.Y. Feb. 28, 2023) (finding Rule 59(a)(2) to be "plainly inapplicable" because the case "never went to trial."); *Ross v. Jenkins*, No. 17-2547-DDC-TJJ, 2018 WL 4749375, at *1 (D. Kan. Oct. 2, 2018) (finding Rule 59(a) could not provide relief from a default judgment because "no trial—jury or nonjury—has occurred in this case"). Defendant identifies no case law that supports the position that a damages inquest should be treated as a trial pursuant to Fed. R. Civ. P. 59. (*See generally* Def.'s Mem.)

Instead, I will construe Defendant's motion for a new trial as a motion for

---

[1] Consent decrees and consent judgments are terms used interchangeably. *See, e.g.*, *Schurr v. Austin Galleries of Illinois, Inc.*, 719 F.2d 571, 574 (2d Cir. 1983) ("A consent judgment or decree is an agreement of the parties entered upon the record with the sanction and approval of the court.") (cleaned up).

[2] The damages inquest did not even involve an evidentiary hearing. As stated by Magistrate Judge Netburn, "as long as it ensured that there was a basis for the damages specified a district court need not hold an evidentiary hearing in a damages inquest." (R&R 6, citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).) Here, neither party requested an evidentiary hearing on the issue of damages; therefore, damages were determined solely upon the written submissions of the parties. (R&R 5.) Defendant was given the opportunity to, and did, file objections to the Report and Recommendation but did not claim that there should have been a trial or an evidentiary hearing. (*See* Doc. 63.)

reconsideration. *See Cioce*, 128 F. App'x at 184 (holding that "the district court properly construed" a motion for a new trial "as one for reconsideration" where there had been no previous trial). Assuming Defendant's motion is one for reconsideration, Defendant's motion is untimely. Local Civil Rule 6.3 mandates a motion for reconsideration shall be served within fourteen days after the entry of the court's determination of the original motion. *See Elgalad v. N.Y.C. Dep't of Educ.*, No. 17-4849, 2019 WL 4805669, at *3 (S.D.N.Y. Sept. 30, 2019). I issued my Opinion & Order on February 10, 2022, and Defendant filed its motion on March 11, 2022. Courts "in this Circuit routinely deny untimely motions for reconsideration without considering their merits." *Id.* (quoting *Beckles v. City of New York*, No. 08 Civ. 3687(RJH)(JCF), 2010 WL 1841714, at *4 (S.D.N.Y. May 10, 2010)). Therefore, I deny Defendant's motion as untimely.

However, since Defendant's motion on its face is not a motion for reconsideration, I also consider the motion on the merits. Defendant asserts only one basis for reconsideration. Defendant argues that "the Court failed to deduct $388,426.80 in Novel's costs" in calculating Plaintiff's damages. (Def.'s Mem. 1.) This argument has already been thoroughly considered and rejected by both Judge Netburn's Report and my Opinion & Order. (R&R 8–12; O&O 5–7.) In attempting to advance this argument yet again, Defendant completely misrepresents the findings of Judge Netburn in her Report and my findings in my Opinion & Order. (Def.'s Mem. 2–3.) For example, Defendant argues that "the R&R, since affirmed by the Court, took the unexpected position that Novel's evidence did not suffice and required corroboration, specifically in the form of canceled checks and wire transfer statements." (Def.'s Mem. 5.) As I explained in my Opinion & Order, Judge Netburn's Report did no such thing. (O&O 6.) In fact, although Plaintiff had argued that Judge Netburn should disregard Defendant's invoice evidence

5

because Defendant failed to provide cancelled checks and wire transfer confirmations, Judge Netburn explicitly "disagree[d] with Plaintiff" and instead considered all of the evidence Defendant submitted.  (R&R 9.)  Defendant likewise argues that "[t]he R&R also noted that the record did not contain Novel's cancelled checks or wire information to corroborate the invoices, purchase orders, and bills of lading which already established the costs of goods purchased." (Def.'s Mem. 2–3 (citing R&R 10).)  The Report does not make such a connection at page 10 or anywhere else.[3]

      I clearly stated why Defendant failed to prove its cost of goods, and it had nothing to do with the lack of cancelled checks and wire transfer confirmations.  Despite Defendant's repeated, baseless accusation that Judge Netburn "disregarded" its "586 pages" of evidence, (Def.'s Mem. 1, 2, 5, 6), I found that Judge Netburn "did consider all of Defendant's evidence—not just proof of payment as Plaintiff had advocated—and she correctly credited only those costs that Defendant's evidence sufficiently proved."  (O&O 6 (citing R&R 9–12).)  Although Defendant provided sufficient evidence supporting its costs for trademark approval, artwork, infomercial shooting, commissions, inbound and outbound freight, storage and processing, etc., Judge Netburn did not credit Defendant's cost of goods calculation because "the only evidence Defendant cited for its cost of goods calculation was a summary spreadsheet and three declarations prepared for the litigation."  (*Id.* 7 (citing R&R 11).)  Even if—as Defendant appears to suggest but does not say clearly—the invoices underlying the cost of goods summary

---

[3] Defendant further argues that my Opinion & Order "noted the lack of cancelled check and wire information affected Novel's ability to prove its product purchase costs." (Def.'s Mem. 3 (citing O&O 5–6).)  This is a mischaracterization as well.  What I said was that Defendant's objection "that Plaintiff did not adequately request [cancelled check and wire information] during the discovery process" was "irrelevant," since "Defendant bears the burden of proof" and since Judge Netburn did not limit her review to those types of evidence.  (O&O 5–6.)

spreadsheet were buried somewhere in the voluminous record,[4] I would still decline to credit Defendant's cost of goods calculation. I decline to credit this argument because "Defendant never addressed Plaintiff's allegation that Defendant had sold some of the Accused Products to a company owned by the Plaintiff's CEO's uncle, then repurchased those same products at a higher price, thus artificially inflating Defendant's cost of goods calculation." (*Id.* (citing R&R 11; Doc. 48 at 4–6; Doc. 64 at 6–9).) Defendant still has not addressed or even acknowledged this allegation, in either its memorandum in support of its motion for a new trial or its reply. (*See generally* Def.'s Mem.; Def.'s Reply.) Because "it is a well-known and ancient doctrine that doubts about actual damages will be resolved against party who evades ascertainment of actual damages," *Louis Vuitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966, 973 (2d Cir. 1985) (cleaned up), I found that "Magistrate Judge Netburn did not err by declining to credit Plaintiff's evidence of cost of goods," (O&O 7). Despite taking another bite at the apple, albeit an improper bite, Defendant still has not presented anything that "might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

No matter how many times Defendant cites *Murphy Door Bed Co. v. Interior Sleep Sys., Inc.,* it is not to the contrary. 874 F.2d 95, 103 (2d Cir. 1989). In *Murphy*, the parties stipulated that plaintiff's damages would be limited to defendants' profits. *Id.* The Second Circuit found that the district court erred in calculating damages "based on gross, not net, profits." *Id.* The Second Circuit "remand[ed] the case for recalculation of damages based on defendants' net profits," and advised that "[e]ven if [the defendant] does not offer evidence of his costs (as he

---

[4] Defendant argues that Exhibit 7 supports its cost of goods calculation. (*See* Def.'s Mem. 2 ("Included as exhibits to Novel's Opposition were 586 pages split into three exhibits (Ex. 7, parts 1-3) supporting Novel's costs of goods.") (citing Docs. 57-10, 57-11, 57-12).) But in its opposition, Defendant characterized Exhibit 7 as "sales documents including third-party purchase orders, bills of lading, Novel Brand's packing slips, Novel Brand's invoices, and third-party shipping information." (Doc. 57, at 12.) Indeed, that is what Exhibit 7 appears to contain. In other words, Exhibit 7 seems to be related to products that Defendant sold, not goods that Defendant bought.

7

has not heretofore), the court should estimate them based on the evidence before it." *Id.* at 98, 103.  To the extent that Defendant reads *Murphy* to require district courts to estimate costs, Magistrate Judge Netburn did "estimate [the costs] based on the evidence before" her and I adopted and affirmed that estimation.  (Def.'s Mem. 5 (quoting *Murphy*, 874 F.2d at 103).)  Defendant just does not like the estimation of Defendant's cost of goods.  Moreover, *Murphy* was a unique situation involving a stipulation of damages between the parties.  There is no such stipulation here.  Instead, I am bound by the Lanham Act, which says, "[i]n assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."  15 U.S.C. § 1117(a); *see also Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995) (holding that the district court "acted well within its discretion" "in refusing to deduct expenses that were not proven by documentary evidence").

Finally, Defendant submits with its motion "additional corroborative evidence," including "cancelled checks and wire records," "a summary chart," and a declaration in support.  (*Id.* at 6–7 (citing Docs. 70-1, 70-2, 70-3, 70-4, 70-5).)  This evidence is irrelevant because the lack of it was not the basis of my prior decision.  In any event, Defendant cannot now "advance new facts . . . not previously presented to the Court."  *Polsby*, 2000 WL 98057, at *1 (internal quotation marks omitted); *see also Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) ("[W]e do not consider facts not in the record to be facts that the court 'overlooked.'").[5]

---

[5] Moreover, Defendant should have produced these documents in discovery.  At a hearing before Judge Netburn on January 4, 2019 about "whether the Court should impose any sanctions for Defendant's failure to comply with the Court's prior orders," (Doc. 43), Plaintiff's counsel requested that Defendant be "preclud[ed] . . . from relying on cost evidence" that had not already been produced, since Defendant had "represented that they have produced everything they have regarding costs."  (Doc. 46 at 4:25-5:3, 5:20-22; *see also id.* 6:2-8:25.)  Plaintiff's counsel said, presciently,

> [W]hat we're concerned about . . . is that once we begin this motion practice regarding our damages, that defendant may again at the 11th hour choose to participate in these proceedings and produce some documents or an affidavit regarding costs, and then we'll have to deal with that, when really

8

Where a motion for reconsideration "merely offers substantially the same arguments . . . offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Silverman v. Miranda*, No. 06 CIV. 13222 (ER), 2017 WL 1434411, at *1 (S.D.N.Y. Apr. 10, 2017) (cleaned up).  Here, Defendant has done both.  Even construing Defendant's motion as timely and procedurally appropriate—although it is neither—the motion must fail.

**IV.    Conclusion**

For the reasons stated above, Defendant's motion for a new trial is DENIED.  The Clerk of Court is respectfully directed to terminate Document 69.

SO ORDERED.

Dated: August 17, 2023
       New York, New York

*[signature]*

Vernon S. Broderick
United States District Judge

---

that's something that should have been done in fact discovery.

(*Id.* 6:11-21.)  Accordingly, Judge Netburn warned Defendant, "whatever you produce can be relied upon in the briefing stage, but you can't pull out new documents or rely on new documents once the briefing has begun.  And so if you're planning on relying on any documents to prove your costs, they need to be produced now."  (*Id.* 18:11-16.)  Defendant's argument now that "[a]t all times relevant here, Novel possessed such evidence and would have readily produced it had the Court exercised its option to order such production" is, at best, disingenuous.  (Def.'s Mem. 7.)